IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| EDNA MALDONADO, § | | |
| INDIVIDUALLY AND AS NEXT § | | |
| FRIEND OF  J.G. AND K.C., § | Civil Action No. 6:17-cv-00204 | |
| MINORS § | Jury | |
| § | | |
| *Plaintiffs,* § | | |
| § | | |
| v. § | | |
| § | | |
| BARBARA TURPIN AND § | | |
| WERNER ENTERPRISES, INC. § | | |
| *Defendants*. § | | |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW EDNA MALDONADO, INDIVIDUALLY AND AS NEXT FRIEND OF OF  J.G. AND K.C., MINORS, Plaintiffs, and allege as follows:

**I. PARTIES & SERVICE OF CITATION**

Plaintiff, EDNA MALDONADO, Individually and as Next Friend of OF  J.G. AND K.C., is a natural person and was a resident of Bell County, Texas, at the time of the events made the basis of this suit.

Defendant, BARBARA TURPIN, is an individual whose last known mailing address is 10412 North Cherry Lane, Highland, UT 84003. Service of process has been obtained.

Defendant, WERNER ENTERPRISES, INC., is a foreign for-profit corporation doing business in the State of Texas. Service of process has been obtained.

WERNER ENTERPRISES, INC. (hereinafter "WERNER") is a commercial motor carrier

Registered with the United States Department of Transportation and at the time of the collision that is the subject of this litigation was authorized to transport property carrier transporting goods or property in interstate commerce under the authority granted by the USDOT.

## II. JURISDICTION

Jurisdiction is proper in this Court because Plaintiffs are entitled to damages in excess of the minimum jurisdiction of this AND pursuant to 28 U.S.C. § 1332, the parties are completely diverse.

## III. VENUE

Venue is appropriate in the Columbia Division of the District Court of South Carolina pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred within the Waco Division of the District of Texas.

## IV. FACTUAL BACKGROUND

Plaintiffs bring this suit to recover damages for personal injuries sustained as a result of a collision in Temple, Bell County, Texas, on or about July 8, 2015. Said collision was proximately caused by the negligence of Defendants.

At the time of the occasion in question, Plaintiffs were waiting to make a left turn from West Zenith Avenue onto North 3rd Street while the Defendant, BARABARA TURPIN, was making a left turn from Industrial Boulevard onto North 3rd Street in Temple, Bell County, Texas.

While Plaintiffs were waiting to make the turn, Defendant, BARABARA TURPIN, who was operating a Kenworth Tractor Trailer, as an employee of Defendant, WERNER ENTERPRISES, INC., in the course of interstate commerce, made an improper and excessively narrow left turn causing the trailer to collide with the rear end of Plaintiffs' vehicle.  Defendant, BARBARA TURPIN, fled the scene of the accident and failed to render aid to Plaintiffs.  A witness

informed Defendant about the collision Defendant had caused. Defendant's failure to keep a proper lookout and operate her vehicle with reasonable care caused Plaintiffs to suffer severe injuries and damages.

## V. RESPONDEAT SUPERIOR

At all times material hereto, BARBARA TURPIN was an actual agent, servant, and/or employee of Defendant, WERNER ENTERPRISES, INC., as well as a statutory employee under the definitions provided in the Federal Motor Carrier Safety Regulations, specifically 49 CFR 390.5 and as adopted by the director of the Texas Department of Public Safety in Texas Administrative Code Title 37 Part 1 Chapter 4 Subchapter B Rule **§**4.11.

At all times, BARBARA TURPIN was acting within the course and scope of such employment and/or official duties. Furthermore, at all times material hereto, BARBARA TURPIN was acting in furtherance of the duties of office and/or employment for Defendant, WERNER ENTERPRISES, INC. to include operating a commercial motor vehicle transporting property in interstate commerce under WERNER's operating authority. Under the doctrine of *Respondeat* Superior, Defendant, WERNER, is responsible for all damages resulting from the negligent acts and/or omissions of its agents, servants, and/or employees.

## VI. NEGLIGENCE

Plaintiff alleges that, upon the occasion in question, Defendant, BARBARA TURPIN, failed to use ordinary care in operating a vehicle in at least one or more of the following ways:

    a.    Failing to keep a proper lookout;

    b.    Failing to maintain control of a vehicle;

    c.    Failing to pay adequate attention;

    d.    Failing to use due caution; and

  e.  Failing to use reasonable care to aid or assist a person when Defendant's conduct placed the person in a position of peril.

Each and all of the above stated acts and/or omissions constitute negligence and the same are a direct and proximate cause of the injuries and damages sustained by Plaintiff.

### VII. NEGLIGENCE PER SE

Moreover, Plaintiff would show that, at the time of the incident in question, Defendant, BARBARA TURPIN, violated Texas state laws and regulations in each of the following ways:

  a.  Failing to drive as nearly as practical entirely within a single lane and not move from the lane unless that movement can be made safely in violation of TEXAS TRANSPORTATION CODE § 545.060(A)(1)(2);

  b.  Failing to remain at the scene of a collision in violation of TEXAS TRANSPORTATION CODE § 550.021; and

  c.  Failing to provide reasonable assistance to persons injured in a collision in which Defendant, BARBARA TURPIN, was involved.

Each and all of the above stated acts and/or omissions constitute negligence and the same are a direct and proximate cause of the injuries and damages sustained by Plaintiffs.

### VIII. NEGLIGENT ENTRUSTMENT

WERNER ENTERPRISES, INC., owned or otherwise controlled the vehicle that was operated by Defendant, BARBARA TURPIN. BARBARA TURPIN was in possession of said vehicle with the express consent of Defendant, WERNER ENTERPRISES, INC.

Defendant, WERNER ENTERPRISES, INC., entrusted the vehicle to BARBARA TURPIN for the purpose of operating it on the public streets and highways of Texas, and BARBARA TURPIN operated it with the knowledge, consent, and permission of WERNER

ENTERPRISES, INC. At such time, BARBARA TURPIN was incompetent and unfit to safely operate a motor vehicle on the public streets and highways of Texas. Defendant, WERNER ENTERPRISES, INC., knew or should have known, in the exercise of due care, that BARBARA TURPIN was an incompetent and unfit driver and would create an unreasonable risk of danger to persons and property on the public streets and highways of Texas.

Plaintiff also alleges that, upon the occasion in question, BARBARA TURPIN was negligent for failing to use ordinary care by various acts and omissions in at least one of the following ways:

- a. Knowingly and negligently entrusting a vehicle to a reckless driver;
- b. Knowingly and negligently entrusting a vehicle to a fatigued driver;
- c. Knowingly and negligently entrusting a vehicle to an inexperienced driver; and
- d. Knowingly and negligently entrusting a vehicle to a restricted driver.

Each and all of the above stated acts and/or omissions constitute negligence and the same are a direct and proximate cause of the injuries and damages sustained by Plaintiffs.

## IX. NEGLIGENT HIRING

WERNER has a duty to have adequate policies and procedures in place to ensure they hire trained, qualified, and competent drivers. WERNER failed in their duty and was negligent when they chose not to have in place and/or chose not to follow proper policies and procedures, resulting in the hiring of drivers that were neither qualified nor competent to perform the duties of driving a commercial vehicle. WERNER negligence in hiring unqualified and incompetent personnel was a proximate cause of the injuries to Plaintiffs and the damages proximately caused are set forth below in the DAMAGES section.

## X. NEGLIGENT TRAINING

WERNER has a duty to have adequate policies and procedures in place to ensure they properly and sufficiently trained qualified, and competent drivers. WERNER failed in their duty and was negligent when they chose not to have in place and/or chose not to follow proper policies and procedures, resulting in the inadequate training of drivers that were not qualified and competent to perform the duties of driving a commercial vehicle. WERNER negligence in failing to properly train personnel was a proximate cause of the injuries to Plaintiffs and the damages proximately caused are set forth below in the DAMAGES section.

## XI. GROSS NEGLIGENCE

Immediately following the collision made the basis of this suit, BARBARA TURPIN's conduct created an extreme risk by a reckless disregard of the rights, welfare, and safety of other motorists, pedestrians and other persons. Although aware of this risk, Defendant's actions, by knowingly leaving the scene of a collision in which someone suffered personal injury, demonstrates a conscious indifference to the rights, welfare, and safety of other motorists, pedestrians and other persons. Although aware of the risk to the rights, welfare and safety of other motorists, Defendant disregarded said risks. Such conduct demonstrates a conscious indifference to the rights, welfare, and safety of other motorists, pedestrians and other persons. The malice demonstrated by such conduct was a proximate cause of the damages to Plaintiffs and therefore, Plaintiffs are entitled to recover exemplary damages.

## XII. DAMAGES

Plaintiffs would show that, as a direct and proximate result of the above-mentioned collision, Plaintiffs sustained significant personal injuries and damages, including but not limited to the following:

     a. Past and future physical pain and suffering;

     b. Past and future mental anguish;

     c. Past and future medical expenses;

     d. Past and future lost wages;

     e. Past and future physical impairment; and

     f. Past and future loss of enjoyment of life.

## XIII. PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Plaintiffs request that Defendants be cited to appear and answer and that on final hearing Plaintiffs have judgment against Defendants for an amount within the jurisdictional limits of this Court, together with pre-judgment and post-judgment interest as provided by law, costs of court and for such other and further relief, at law or in equity to which Plaintiffs are justly entitled.

Respectfully submitted,

**THE CARLSON LAW FIRM, PC**
100 East Central Texas Expy
Killeen, TX 76541
254-526-5688 Phone
254-526-8204 Fax

By: /s Scott R. Crivelli
State Bar No.: 24081713
scrivelli@carlsonattorneys.com
**ATTORNEY FOR PLAINTIFF**

## **Certificate of Service**

On August 22, 2017 I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic filing system of the court.  I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).